# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 15-1153; RDLG, LLC v. Fred M. Leonard, Jr. |
| **Originating No. & Caption** | 1:10-cv-00204; RDLG, LLC v. RPM Group, LLC et al. |
| **Originating Court/Agency** | Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Sec. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days from entry Final Judgmt. | |
| Date of entry of order or judgment appealed | 1/14/15 | |
| Date notice of appeal or petition for review filed | 2/12/15 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ◉ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | None | |
| Case number of any pending appeal in same case | None | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Unknown | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Original Complaint filed 9/17/10 against Leonard, four other individual defendants and two corporate defendants alleging fraudulent inducement, fraudulent misrepresenation, civil conspiracy, negligent misrepresentation, and unfair and deceptive trade practices.

Suit arose out a contract dispute in which the defendants were to market and conduct a sale on behalf of plaintiff of individual lots in a residential subdivision aquired by plaintiff via foreclosure.

Following the failure of prior counsel for the defendant to appear at a scheduled Pre-trial Conference on October 3, 2012 Magistrate Judge Howell entered an Order on October 5, 2012 imposing certain costs against defendants, further imposing, pursuant to Rule 16 of the FRCP, monetary sanctions against counsel for the defendants and on defendants individually due to the conduct of counsel, and further ordering defendants' counsel to appear at a hearing on October 11, 2012 to show cause why counsel should not be further subjected to sanctions pursuant to Rule 11 of the FRCP.    (See addtional sheet attached)

Appeal No. 15-1153

RDLG, LLC
v.
Fred Leonard, Jr.

**Continuation of Docketing Statement**

Nature of Case:

On October 10, 2012 a Suggestion of Bankruptcy upon the record was filed as to defendant Leonard.

Following the Show Cause hearing on October 11, 2015, at which at least one of the defendants' counsel was herself represented by counsel, Magistrate Judge Howell entered an Order on 10/24/12 in which he found that Rule 11 sanctions against defendants' counsel were not warranted. However, that Order went on to find that additional sanctions against the defendants were warranted pursuant to Rule 16, and directed the Clerk to strike the defendants' Answer and to enter a Default Judgment against certain of the Defendants, including Leonard, on the issue of liability.

The October 24th Order also continued the trial as to defendant Leonard, stayed the case as to Leonard and ordered it administratively closed, with the direction that either party could move to lift the stay within thirty days of the termination of defendant Leonard's bankruptcy proceeding.

On August13, 2014, upon motion of the plaintiff, the Court lifted the stay and set the matter for trial upon the issue of damages under the plaintiff's fraudulent misrepresentation claim against defendant Leonard.

At the start of the trial in this matter, the Magistrate Judge read, and then distributed, the Complaint in this matter to each member of the jury and instructed them that they were to consider each and every factual allegation contained therein as true. The jury returned a verdict in the amount of $500,580.36 against the defendant, and the Court entered a final judgment in that amount on January 14, 2015.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Whether the Order of October 24, 2012 striking defendant Leonard's Answer and the entry of a Default Judgment on the issue of liability as to Leonard was entered in violation of Leonard's right to due process of law before the District Court or was otherwise invalid.

2. The failure of the District Court to instruct the jury as to the issue of allowable damages in accordance with this Court's holding in In re Rountree, 478 F.3d 215 (2007).

3. Evidentiary rulings at trial.

4. All other issues as may be identified and properly briefed by the appellant.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: RDLG, LLC | Adverse Party: |
|---|---|
| Attorney: Ross R. Fulton<br>Address: Rayburn Cooper & Durham, P.A.<br>227 W. Trade Street, Suite 1200<br>Charlotte, N.C. 28202 | Attorney:<br>Address: |
| E-mail: rfulton@rcdlaw.net | E-mail: |
| Phone: 704-334-0891 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Fred M. Leonard, Jr.<br><br>Attorney: John C. Hunter<br>Address: Adams Hendon, PA<br>72 Patton Ave.<br>Asheville, N.C. 28801<br><br>E-mail: jhunter@adamsfirm.com<br><br>Phone: 828-252-7381 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/John C. Hunter                **Date:** 3/4/15

**Counsel for:** Appellant - Fred M. Leonard, Jr.

---

**Certificate of Service:** I certify that on ____3/4/15____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|   |   |
|---|---|
|   |   |

Signature: s/John C. Hunter                Date: 3/4/15

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  RDLG, LLC v. Fred M. Leonard, Jr
Dist. Ct. No. 1:10-cv-00204         District Western District of North Carolina
Date Notice of Appeal filed    02/12/15     Court of Appeals No. 15-1153
Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Tracy Dunlap
Address of Reporter Office of the Clerk, 100 Otis Street, Asheville, N.C. 28801

Appellant must order any necessary transcript, completing a separate transcript order form (and separate CJA 24 Form) for each reporter and submitting the order to the court reporter and the district court within 14 days of noting the appeal. The completed form must show that necessary financial arrangements have been made or that the original CJA 24 Form has been submitted to the district court clerk. Copies of the transcript order form must be attached to the docketing statement filed in the Court of Appeals and served on opposing counsel within 14 days of docketing of the appeal, or the appeal will be subject to dismissal pursuant to Local Rule 45. If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so. In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered. If appellee wishes to obtain a copy of transcript ordered by appellant, appellee must order a copy from the court reporter. In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates not to exceed $.15 per page. Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A. This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Failure to specify in adequate detail the proceedings to be transcribed is grounds for dismissal. Specific authorization is required under the CJA for opening and closing statements, voir dire, or jury instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☐ Voir Dire | |
| ☑ Opening Statement (Plaintiff) | January 12, 2015 |
| ☐ Opening Statement (Defendant) | |
| ☑ Closing Argument (Plaintiff) | January 13, 2015 |
| ☑ Closing Argument (Defendant) | January 13, 2015 |
| ☑ Opinion of Court | January 13, 2015 |
| ☑ Jury Instructions | Janaury 13, 2015 |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☐ Pre-Trial Proceedings (specify) Pre-trial Conf.; Hearing | Pre-trial Conf. - Oct. 3, 2012; Rule 11 Hearing - Oct. 11, 2012 |
| ☑ Testimony (specify) All | |
| ☐ Other (specify) | |

**TOTAL ESTIMATED PAGES**  480

B. I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made.
   ☑ Private funds. (Deposit of $ 500 enclosed with court reporter's copy. Check No. _____.)
   ☐ Criminal Justice Act. The original CJA 24 Form has been submitted to the district court clerk and a copy is attached.
   ☐ Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.
   ☐ Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.
   ☐ Federal Public Defender - no CJA 24 Form necessary.
   ☐ United States appeal - copy of litigation expense form attached, if applicable.

C. Transcript is requested in  ☐ paper format    ☑ electronic format

Signature s/ John C. Hunter         Typed name John C. Hunter
Address  Adams Hendon, PA , 72 Patton Ave., Asheville, N.C. 28801
Email jhunter@adamsfirm.com         Telephone No. (828) 252-7381
Date Sent to Reporter 03/03/15

05/09/2014 CAD